IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02038-BNB

DAVID LE'MON ADAMS,

     Applicant,

v.

JEAN MADOCHE, and
JOE PELLE

     Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, David Le'mon Adams, is detained at the Boulder County Jail in Boulder, Colorado.  Applicant initiated this action by filing *pro se* two pleadings, one titled "By the Habeas Corpus Act" and the other "Motion Addressing Courts Errors and Courts Failure to File Pre-trial Motions."  Magistrate Judge Boyd N. Boland construed the action as filed pursuant to 28 U.S.C. § 2241.

On July 25, 2014, Magistrate Judge Boland directed Applicant to cure certain deficiencies if he wished to pursue his claims.  Specifically, Magistrate Judge Boland told Applicant either to submit a proper Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 used in filing habeas actions and a certificate showing the current balance in his prison account or, in the alternative, to pay the $5.00 filing fee.  Magistrate Judge Boland also directed Applicant to file his claims on a Court-approved from used in filing § 2241 actions.  Magistrate Judge Boland warned Applicant that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

Pursuant to the July 25 Order, Applicant filed a proper Court-approved form for requesting leave to proceed pursuant to 28 U.S.C. § 1915 and a certified account statement showing his current balance.  He, however, failed to submit his claims on a proper Court-approved form used in filing 28 U.S.C. § 2241 actions.  Instead, Applicant submitted his claims on a combination of pages from either the § 2241 Court-approved form or the form used to file prisoner complaints.  On September 8, 2014, Magistrate Judge Boland then directed Applicant to file his claims on only the pages found in a Court-approved form used in filing § 2241 actions and again told him that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

Applicant has failed to communicate with the Court and failed to cure the deficiencies within the time allowed.  Therefore, the action will be dismissed without prejudice for failure to cure all noted deficiencies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure the deficiencies and for failure to prosecute.  It is

3

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that no certificate of appealability shall issue because

Applicant has failed to show that jurists of reason would find it debatable that the district

court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85

(2000).  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  16th  day of     October     , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court